GENOVA, MALIN & TRIER, LLP
Attorneys for Debtor
Hampton Business Center
1136 Route 9
Wappingers Falls, New York  12590
(845) 298-1600
Andrea B. Malin, Esq. (AM4424)
Michelle L. Trier, Esq. (MT1212)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
--------------------------------------------------------X
IN RE:

CARRIE SHU-CHUEN KONG,

       Debtor(s).
--------------------------------------------------------X

CHAPTER 7
CASE NO. 23-35211 (CGM)

**MEMORANDUM OF LAW IN SUPPORT OF DEBTOR'S MOTION FOR ORDER FINDING VIOLATION OF THE AUTOMATIC STAY BY NOZOMI TOKIWA PURSUANT TO 11 U.S.C. §362(a) AND AWARDING ATTORNEYS' FEES, COSTS AND DISBURSEMENTS, AND PUNITIVE DAMAGES  PURSUANT TO 11 U.S.C. §362(k)**

**PRELIMINARY STATEMENT**

  CARRIE SHU-CHUEN KONG (the "Debtor") submits this Memorandum of Law in Support of the Motion for an Order pursuant to 11 U.S.C. §362(a), finding that NOZOMI TOKIWA (the "Respondent" or "TOKIWA") violated the automatic stay by continuing attempts to collect pre-petition sums by commencing litigation against the Debtor in the Supreme Court of the State of New York, County of Dutchess, post-petition; and, pursuant to 11 U.S.C. §362(k), holding Respondent liable for her willful violation of the automatic stay and awarding to the Debtor her attorneys' fees, costs and disbursements of this motion, compensatory damages, and punitive damages; and for such other and further relief as to the Court may seem just and proper.

## STATEMENT OF FACTS

The facts upon which the Debtor relies are set forth in the Affirmation of even date submitted herewith as if stated herein.

## ARGUMENT

### POINT I

**THE RESPONDENT'S CONTINUED EFFORTS TO COLLECT A PRE-PETITION DEBT VIOLATE THE AUTOMATIC STAY UNDER 11 U.S.C. §362(a) AND ENTITLE THE DEBTOR TO AN AWARD UNDER 11 U.S.C. §362(k)**

It is clear under the current law that the Respondent's continued attempts to collect sums allegedly due from the Debtor by commencing litigation against the Debtor post-petition violate the automatic stay provided under 11 U.S.C. §362(a). Pursuant to 11 U.S.C. §362(k), this violation entitles the Debtor to an award of attorneys' fees, costs and disbursements and punitive damages. 11 U.S.C. §§362(a) and (362(k); In re Chatequgay Corp., 920 F.2d 183 (2d Cir. 1990); In re Crysen/Montenay Energy Co., 902 F.2 1098 (2d Cir. 1990); In re Sucre, 226 B.R. 340 (Bankr.S.D.N.Y. 1998); In re Rutty, 39 B.R. 204 (Bankr.S.D.N.Y. 1984); In re Woodside, 161 B.R. 969 (Bankr.S.D.Ill. 1994); In re Fridge, 239 B.R. 182 (Bankr.N.D.Ill. 1999); In re Mitchell, 66 B.R. 73 (Bankr.S.D.Ohio 1986); In re Elder, 12 B.R. 491 (Bankr.M.D.Ga. 1981); In re Sams, 106 B.R. 485 (Bankr.S.D.Ohio 1989; In re Dungey, 99 B.R. 814 (Bankr.S.D.Ohio 1989); In re Braught, 307 B.R. 399 (Bankr.S.D.N.Y. 2004); In re Dominguez, 312 B.R. 499 (Bankr.S.D.N.Y. 2004); In re Miller, 397 F.3d 726 (9th Cir 2005).

In this regard, Section 362(a) provides in pertinent part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, ... operates as a stay, applicable to all entities, of –

> (6) any act to collect, assess or recover a claim against the debtor that arose before the commencement of the case under this title;11 U.S.C. §362.

Further,

> 11 U.S.C. § 362(a)(1) stays the continuation of any judicial proceeding against the debtor that was commenced prior to the filing of a case under Title 11. **<u>The automatic stay is a vital, fundamental protection afforded by the bankruptcy laws.</u>** It is designed to give debtors a respite from collection efforts so that they may re-evaluate their financial circumstances. In other words, the automatic stay provides a "breathing spell" so that debtors may assess their economic situation without the distraction of creditors seeking payment in full at a time when they do not have financial means to satisfy all their obligations at once.

<u>In re Braught</u>, <u>supra</u>. at 403. (See also, <u>In re Best Payphones</u>, 279 B.R. 92 (Bankr.S.D.N.Y. 2002). Surely, Section 362(a) could not be any clearer in its mandate that a creditor may not proceed to institute post-petition collection activity against a debtor for a pre-petition debt, once the case has been filed and the stay set forth in 362(a) is instituted. <u>Id</u>.

Respondent's failure to acknowledge the existence of the automatic stay by commencing post-petition litigation against the Debtor is clearly the type of conduct forbidden by Section 362(a) of the United States Bankruptcy Code. 11 U.S.C. §§362(a) and (362(k); <u>In re Braught</u>, 307 B.R. 399 (Bankr.S.D.N.Y. 2004); <u>In re Dominguez</u>, 312 B.R. 499 (Bankr.S.D.N.Y. 2004); <u>In re Miller</u>, 397 F.3d 726 (9th Cir 2005); <u>In re Adomah</u>, 368 B.R. 134 (D.Ct.S.D.N.Y. 2007); <u>In re Parry</u>, 328 B.R. 655 (Bankr.E.D.N.Y. 2005); <u>In re Henry</u>, 328 B.R. 664 (Bankr.E.D.N.Y. 2005); <u>In re Wright</u>, 328 B.R. 660 (Bankr.S.D.N.Y. 2005). In addition, the Respondent continues to violate the automatic stay despite the request made by the undersigned to cease the aforementioned collection efforts.

Accordingly, the Debtor respectfully requests that this Court find the Respondent

liable for a violation of the automatic stay provided under Section 362(a) of the Bankruptcy Code and direct the Respondent to immediately cease collection efforts against the debtor.

### POINT II

**THE DEBTOR SHOULD BE AWARDED THE ATTORNEYS' FEES, COSTS, AND DISBURSEMENTS INCURRED BY THE FILING OF THIS MOTION AS A RESULT OF THE WILLFUL VIOLATION OF 11 U.S.C. §362(a) FOR WHICH THE RESPONDENT IS LIABLE PURSUANT TO 11 U.S.C. §362(k)**

In the Second Circuit, "if a party charged with violating the stay knows that the stay is in effect, any deliberate act taken in violation of the stay justifies an award of damages." Id. at 403 (See also, In re Florio, 229 B.R. 606 (D.Ct.S.D.N.Y. 1999). In the instant case it is patently clear that not only should the Debtor be awarded the attorneys' fees, costs, and disbursements related to the preparation and filing of this motion, but also may receive an award for punitive damages against the Respondent due to its willful and egregious violation of the automatic stay, pursuant to 11 U.S.C. §362(k). 11 U.S.C. §362(k), Shuman v. Standard Oil Co. Of Cal., 453 F.Supp. 1150 (N.D.Cal. 1978); In re Kroh Bros. Dev. Co., 91 B.R. 525 (Bankr.W.D.Mo. 1988); In re Nat'l Marine Sales and Leasing, Inc., 79 B.R. 442 (Bankr.W.D.Mo. 1987); In re Wagner, 74 B.R. 898 (Bankr.E.D.Pa. 1987); Budget Serv. Co. V. Better Homes of Va., Inc., 804 F.2d 289 (4th Cir. 1986); In re Tela-A-Communications Consultatns, Inc., 50 B.R., 250 (Bankr.Conn. 1985); Mercer v. D.E.F. Inc., 48 B.R. 562 (Bankr.Minn. 1985); In re Aponte, 82 B.R. 738 (Bankr.E.D.Pa. 1988); In re Keen, 301 B.R. 749, (Bankr.Fla. 2003); In re International Forex of California, 247 B.R. 284 (Bankr.S.D.Cal. 2000); In re Sansone, 99 B.R. 981 (Bankr.D.Cal. 1989); In re Divane, 193 B.R. 856 (D.Ct.N.D.I.ll. 1996), In re Smith, 185 B.R. 871 (Bankr.M.D.Fla. 1994), and In re Fisher, 144 B.R. 237 (Bankr.D.R.I. 1992).

Section 362(k) of the United States Bankruptcy Code provides:

> (k) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages. 11 U.S.C. §362(k).

Under the law, once it has been established that there has been a willful violation of the automatic stay, the Debtor is automatically entitled to an award of attorneys' fees, costs and disbursements. Shuman v. Standard Oil Co. Of Cal., 453 F.Supp. 1150 (N.D.Cal. 1978); In re Kroh Bros. Dev. Co., 91 B.R. 525 (Bankr.W.D.Mo. 1988); In re Nat'l Marine Sales and Leasing, Inc., 79 B.R. 442 (Bankr.W.D.Mo. 1987); In re Wagner, 74 B.R. 898 (Bankr.E.D.Pa. 1987); Budget Serv. Co. V. Better Homes of Va., Inc., 804 F.2d 289 (4th Cir. 1986); In re Tela-A-Communications Consultatns, Inc., 50 B.R., 250 (Bankr.Conn. 1985); Mercer v. D.E.F. Inc., 48 B.R. 562 (Bankr.Minn. 1985); In re Aponte, 82 B.R. 738 (Bankr.E.D.Pa. 1988); In re Keen, 301 B.R. 749, (Bankr.Fla. 2003); In re International Forex of California, 247 B.R. 284 (Bankr.S.D.Cal. 2000); In re Sansone, 99 B.R. 981 (Bankr.D.Cal. 1989); In re Divane, 193 B.R. 856 (D.Ct.N.D.I.ll. 1996), In re Smith, 185 B.R. 871 (Bankr.M.D.Fla. 1994), and In re Fisher, 144 B.R. 237 (Bankr.D.R.I. 1992).

> A willful violation of the automatic stay provision is ... committed when a party acts in violation of the stay with knowledge or notice of sufficient facts to cause a reasonably prudent person to make additional inquiry to determine whether a bankruptcy petition has been filed..... knowledge of the bankruptcy filing is the legal equivalent of knowledge of the automatic stay provided under §362.... 'Willful' is a word 'of many meanings, its construction [is] often influenced by its context....There is no legislative history on what Congress intended 'willful' to mean in the context of §362(h). The courts have generally interpreted it to require intentional or deliberate conduct.... Other courts have added that 'the willfulness requirement refers to the deliberateness of the conduct and the knowledge of the bankruptcy filing, not to a specific intent to violate a court order.'

In re Sansone, supra. at 984-985.  Upon a finding by the Court that the violation is willful, an award of actual damages, including costs and attorneys' fees is ***mandatory***.  Id.

The party who is seeking an award of damages for the willful violation of the automatic stay need only prove the following elements:

> (1) that a bankruptcy petition was filed, (2) that the debtor is an individual, (3) that the creditor received notice of the petition, (4) that the creditor's actions were in willful violation of the stay, and (5) that the debtor suffered damages.

In re Parry, supra. at p. 658.  It is without possible contest that the debtor has established with a "preponderance of the evidence" the following: (1) a petition was filed on March 17, 2023; (2) the Debtor is an individual; (3) the Respondent received actual notice of the petition; (4) the Respondent's actions were in willful violation of the automatic stay; and (5) the Debtor was damaged thereby in incurring attorneys' fees and costs with respect to the filing of the instant motion.

Further, the undersigned sent correspondence indicating the status of the pending case to the Respondent, and requesting that the Respondent cease collection efforts in violation of the automatic stay. Thus, as the Respondent had knowledge of the bankruptcy filing, the violation of the automatic stay is willful.

Additionally, if the Court finds the Respondent's conduct to be egregious, punitive damages are warranted. Shuman v. Standard Oil Co. Of Cal., 453 F.Supp. 1150 (N.D.Cal. 1978); In re Kroh Bros. Dev. Co., 91 B.R. 525 (Bankr.W.D.Mo. 1988); In re Nat'l Marine Sales and Leasing, Inc., 79 B.R. 442 (Bankr.W.D.Mo. 1987); In re Wagner, 74 B.R. 898 (Bankr.E.D.Pa. 1987); Budget Serv. Co. V. Better Homes of Va., Inc., 804 F.2d 289 (4th Cir. 1986); In re Tela-A-Communications Consultatns, Inc., 50 B.R., 250 (Bankr.Conn. 1985); Mercer v. D.E.F. Inc.,

48 B.R. 562 (Bankr.Minn. 1985); In re Aponte, 82 B.R. 738 (Bankr.E.D.Pa. 1988); In re Keen, 301 B.R. 749, (Bankr.Fla. 2003); In re International Forex of California, 247 B.R. 284 (Bankr.S.D.Cal. 2000); In re Sansone, 99 B.R. 981 (Bankr.D.Cal. 1989); In re Divane, 193 B.R. 856 (D.Ct.N.D.I.ll. 1996), In re Smith, 185 B.R. 871 (Bankr.M.D.Fla. 1994), and In re Fisher, 144 B.R. 237 (Bankr.D.R.I. 1992).

An award of punitive damages is not intended to compensate an injured party, but rather, same is meant by definition to punish intentional or malicious wrongful action and to deter the wrongdoer or others from engaging in similar conduct in the future. City of Newport v. Facts Concerts, Inc., 453 U.S. 247 (1981). "Traditionally, punitive damages may be awarded only if in injuring plaintiff, defendant's conduct was malicious (including ill will or spite), or wanton (including reckless indifference or callous disregard for the rights of another), or oppressive (including misuse or abuse of authority or power)." Schuman v. Standard Oil Co,. Of Cal., 453 F.Supp. 1150 (N.D.Cal. 1978).

Any award made by a court for punitive damages must be gauged by the gravity of the offense in question and set at a level that is sufficient to punish the offender and deter the conduct from reoccurring. In re Sansone, supra. Thus, the award should sufficiently sting the pocket of the offender so that the conduct will not be repeated. Id. "The factors to be considered in determining a punitive damage award are: (1) the nature of the defendants' acts, (2) the amount of the compensatory award, and (3) defendants' wealth." Id. at 989.

It is without doubt that the conduct of the Respondent was not only willful (to wit: deliberate and intentional with full knowledge of the stay), but warrants a finding that punitive damages should be awarded. Id. In this case, not only did the Respondent have actual notice of the filing of the petition from the Court, but also received correspondence from the undersigned

7

requesting an end to collection efforts against the Debtor. Further, the complaint filed in New York State Court, in violation of the automatic stay, **specifically** references the Debtor's bankruptcy filing. The Respondent did not appear in the Bankruptcy Court, nor did Respondent seek to file a complaint to deny the dischargeability of the debt. In fact, counsel for the Respondent encouraged the undersigned to file this Motion, rather than withdraw the litigation against the Debtor. As such, it is respectfully asserted that punitive damages are warranted in this instance.

Surely, Respondent's outright disregard for the United States Bankruptcy Code rises to the level of egregious conduct and this tremendous disregard for the law requires this Court to enter an award for punitive damages. Under the circumstances, it would appear that in order for the punitive damage to be great enough to deter such blatant behavior in the future, the sanction needs to be financially high, as is requested in the Motion submitted herewith.

Accordingly, the Debtor respectfully requests that the Debtor be awarded the attorneys' fees, costs and disbursements of this Motion and the appropriate punitive damages.

## **CONCLUSION**

Accordingly, for all of the foregoing reasons, the Court should grant the Debtor's Motion

and award to the Debtor the attorneys' fees, costs, disbursements and punitive damages; and

grant to the Debtor such other and further relief as to this Court seems proper.

Dated: Wappingers, New York
     April 8, 2024                            GENOVA, MALIN & TRIER, LLP
                                                  Attorneys for the Debtor

                                        By: /s/ Michelle L. Trier
                                            MICHELLE L. TRIER (MT1212)
                                            Hampton Business Center
                                            1136 Route 9
                                            Wappingers Falls, NY 12590
                                            (845) 298-1600
                                            michelle@gmtllp.com