UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
-----------------------------------------------------------------------X
                              :
IN RE:                             :
        CARRIE SHU-CHUEN KONG,    :         Case No. 23-bk-35211-cgm
                             :
                 Petitioner            :         CHAPTER 7 PETITION
                             :
(On Motion to Obtain Sanctions against Victim of    :
Fraud, Nozomi Tokiwa, Shareholder of Keihin, Inc.)  :
                             :
-----------------------------------------------------------------------X

# MEMORANDUM OF LAW IN OPPOSITION TO PETITIONER'S MOTION & IN SUPPORT FOR CROSS-MOTION

RESPECTFULLY SUBMITTED BY:

MICHAEL R. CURRAN
ATTORNEY FOR RESPONDENT
NOZOMI TOKIWA
36-09 MAIN STREET, SUITE 9B-2
FLUSHING, NEW YORK 11354
(347) 549-2079 (PHONE)
(347) 778-5918 (FACSIMILE)
mrc4law@yahoo.com

**Preliminary Statement**

The undersigned is representing Ms. Nozomi Tokiwa on the within wrongful Motion for Sanctions brought against Ms. Tokiwa by petitioner and her attorney. Ms. Tokiwa did not enter the case as a creditor, being unaware that she had been included as a listed creditor. The only Notice she received of the Bankruptcy case involving Carrie S. Kong was a Notice Ms. Tokiwa received in the mail naming her farming company, Lewis Farm, as a potential creditor. As Lewis Farm was not a creditor of either Ms. Kong or her multiple companies, Ms. Tokiwa did not give credence to the Notice, thinking it was a mistake.

Ultimately, Ms. Tokiwa came to the office of the undersigned in Flushing, Queens. Although located in Ulster County, Ms. Tokiwa has frequent business in Queens County where she markets mushrooms she grows on her Ulster County farm.

According to what the client told the undersigned, Ms. Kong had converted—stolen—Ms. Tokiwa's investment in the start-up formed by Ms. Kong known as Keihin, Inc. See **Exhibit "1"** annexed to Ms. Tokiwa's Affidavit on the Motion and the Cross-Motion.

**Background Facts**

When Ms. Tokiwa met Ms. Kong, she thought Ms. Kong was a successful businesswoman. She had no idea that Ms. Kong was a thief. See, e.g., **Exhibit 6(a)**

annexed to the Certification in Opposition and in Support (claim by Double Green Produce in which it is alleged that Kong converted almost $2,000,000).

As stated, Ms. Tokiwa met Ms. Kong in early 2022, see 05/02/2024 Affidavit by Nozomi Tokiwa ("05/02/2024 Tokiwa Affid."), when Ms. Tokiwa made a wholesale sale of Ms. Tokiwa's farm-grown mushrooms to Ms. Kong (for which Ms. Kong paid). Because Ms. Kong seemed a savvy businesswoman, Ms. Tokiwa was persuaded by Ms. Kong to invest in the new company Ms. Kong had formed named Keihin, Inc. **Exhibit "1,"** supra. The company was intended to market goods.

Ms. Kong drafted or had someone draft a 04/01/2022 agreement wherein Ms. Tokiwa purchased 49% of shares of Keihin, Inc. for US $70,000.00. See **Exhibit "2"** (annexed to Dutchess County 2024 Complaint); see also **Exhibit "3"** (investment). Ms. Kong was supposed to obtain an import license so Keihin, Inc. could import goods. 05/02/2024 Tokiwa Affid. Kong never obtained the import permit and apparently abandoned the enterprise. Id.

Ultimately, Ms. Kong began to avoid Ms. Tokiwa and would not answer or return her calls. Ms. Tokiwa realized that Ms. Kong had stolen her investment. The $70,000 was not a debt, it was intended to purchase shares so that Ms. Kong and Ms. Tokiwa could jointly operate Keihin, Inc.

It was a case of blatant fraud. Ms. Kong filed on 03/17/2023 for Chapter 7 Bankruptcy of which Ms. Tokiwa was unaware. Ms. Tokiwa, as she says, received

a Notice to Creditors directed at Lewis Farm, her farming company. As Ms. Tokiwa had sold mushrooms to Ms. Kong for which Kong paid, she believed the Notice was a mistake. There was no debt. Ms. Tokiwa never believed the Notice had anything to do with shares in Keihin, Inc,[1] or the theft of her investment in Keihin, Inc.

## Point I

**BLATANT FRAUD EXCUSES THE ALLEGED MISTAKE IN SUING THE DEBTOR**

Pursuant to 11 U.S.C. §523(a)(2)(A) of the Bankruptcy Code, the Codes sets forth an exception to discharging any debt for money "obtained by . . . fraud." See Bartenwerfer v. Buckley, 598 U.S. 69, 143 S.Ct. 665 (2023). "Barring certain debts from discharge necessarily reflects aims distinct from wiping the bankrupt's slate clean." 598 U.S. at 81. The sum involved as between Carrie Kong and Nozomi Tokiwa is $70,000. This sum was taken from Tokiwa by Kong as a fraudulent act. Kong either sold worthless stock to Tokiwa or she simply took the payments under false pretenses and never intended to make Tokiwa a shareholder. As a result, the inclusion of the claim under the Dutchess County action was not sanctionable as a violation of the Bankruptcy Code and Kong is not entitled to sanctions, nor are the lawyers entitled to easy money in fees as there was no violation.

The claim(s) in the Dutchess County case were entirely valid and are shielded from liability under the Bankruptcy Code

---

[1] Counsel notes for the record Keihin, Inc. does not appear on the Codebtor record. **Exhibit 6(d).**

## Point II

### THE HASTY ACT OF DISCONTINUANCE SHOULD BE REVERSED

The act of discontinuing the case was done in haste in the event there was a valid claim that Tokiwa had notice of the bankruptcy and that the discharge was necessary. Investigation has shown the $70,000 claim was borne of fraud, both the Bankruptcy Code and Supreme Court being aligned in relieving Tokiwa of any liability for a non-infraction under the statute.

Should this Court agree, it is respectfully requested that the Court, on Cross-Motion, vacate the Discontinuance and reinstate the claim by Tokiwa. **Exhibit "5."** In addition, as the client was not noticed, that Ms. Tokiwa be permitted to make a claim in the bankruptcy case. Given the enormous claims of entities like Double Green Produce it is unlikely Tokiwa will recover, although assertion of a claim would be necessary, in any event.

> Respectfully submitted,
> **_s/Michael R. Curran_**
> Michael R. Curran
> Attorney for Nozomi Tokiwa